Paul Hoffman, SBN 071244
John C. Washington, SBN 315991
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP**
200 Pier Avenue #226
Hermosa Beach, California 90254
Telephone: (310) 717-7373
Fax: (310) 399-7040

*Attorneys for Plaintiffs Fernando Dominguez and Raymond Raya.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO DOMINGUEZ and RAYMOND RAYA,<br><br>           Plaintiffs,<br><br>      v.<br><br>CITY OF RIALTO, a public entity, OFFICER ROMANO, OFFICER FLORES, OFFICER JOHNSON, PEPE'S LOS ANGELES, INC., d/b/a PEPE'S TOWING SERVICE and DOES 1-9, inclusive.<br><br>           Defendants. | Case No.  5:23-cv-1790<br><br>**COMPLAINT**<br><br>(1) VIOLATIONS OF U.S. CONST. AMEND. IV, UNREASONALBE SEIZURES<br>(2) VIOLATION OF U.S. CONST. AMEND. XIV, DUE PROCESS<br>(3) VIOLATION OF U.S. CONST. AMEND. VIII, EXCESSIVE FINES<br>(4) VIOLATION OF U.S. CONST. AMEND. V, UNCONSTITUTIONAL TAKING<br>(5) FALSE ARREST/IMPRISONMENT<br>(6) NEGLIGENCE<br>(7) VIOLATION OF CIVIL CODE § 52.1<br>(8) NEGLIGENT SUPERVISION AND RETENTION<br>(9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>(10) VIOLATION OF THE UNRUH ACT<br>(11) CONVERSION<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.     This case involves Defendants unlawfully jailing Plaintiffs without probable cause; holding Plaintiffs for three days rather than taking them to a magistrate to be arraigned, as California law and the U.S. Constitution requires; and impounding Plaintiffs' vehicles, causing Plaintiffs to accrue thousands of dollars in debt and for their only vehicles to be auctioned off.

2.     Plaintiffs have never been charged with any crime in connection with any of these events.  They have never been arraigned.  The District Attorney has explicitly stated that it would not pursue any case.  The Rialto Police Department was aware that no charges would be filed.

3.     There was no basis for causing Plaintiffs to accrue thousands of dollars of debt and lose their cars, or to hold them without arraignment.

4.     Plaintiffs bring this action to recover their damages and in the hopes that Rialto Police Department does not continue such practices with persons like them.

5.     Plaintiffs present federal claims for relief that arise under 42 U.S.C. § 1983, and supplemental state law claims.

## JURISDICTION AND VENUE

6.     This case arises under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution, and under 42 U.S.C. § 1983 and California law.

7.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.  The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(1) and (b)(2) in that the unlawful actions challenged herein occurred in the Central District, and the defendants reside in the Central District.

9.     Plaintiffs filed a tort claim on April 7, 2023.  Plaintiffs were informed that their claims were rejected in a letter dated June 19, 2023.

1

**PARTIES**

2

    **A.**    **Plaintiffs**

3        10.    Plaintiff Fernando Dominguez, an individual, is presently a resident of

4  the County of San Bernadino, City of Chino Hills.

5        11.    Plaintiff Raymond Raya, an individual, is presently a resident of the

6  County of San Bernadino, City of Chino Hills.

7      **B.**    **Defendants**

8        12.    Defendant City of Rialto ("City") is a municipality duly organized under

9  the laws of the State of California.  At all relevant times, the Rialto Police Department

10  ("RPD") was a branch or agency of the City.  The named RPD officers involved in

11  the unlawful acts alleged herein were all RPD officers acting within the course and

12  scope of their duties.  The City is responsible for Plaintiffs' injuries under 42 U.S.C.

13  § 1983 because its policies and customs were a cause of Plaintiffs' injuries.  The City

14  is also responsible for the actions of its employees under Government Code § 815.2

15  based on *respondeat superior*.

16        13.    Defendant A. Romano, Serial Number 02311 ("Officer Romano") is an

17  RPD Officer who arrested Plaintiffs and caused their vehicles to be impounded on

18  October 10, 2022.

19        14.    Defendant Flores ("Officer Flores"), Serial Number 02269, is an RPD

20  Officer who also arrested Plaintiffs and caused their vehicles to be impounded on

21  October 10, 2022.

22        15.    Defendant Rocky Johnson ("Officer Johnson") is an RPD Officer who

23  caused Plaintiffs' car to remain impounded, accrue substantial fines and be auctioned,

24  including by refusing to allow a hearing concerning the impound, or to waive fees and

25  release the vehicle.

26        16.    Defendant Pepe's Los Angeles, Inc. ("Pepe's") is a California

27  corporation operating in Rialto and doing business as Pepe's Towing

28  Service.

17.    Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 9, and therefore sue these defendants by fictitious names.  Plaintiffs will give notice of their true names and capacities when ascertained.

18.    Does 1 through 5 include unknown RPD officers who caused Plaintiffs to be arrested and detained, and those who caused Plaintiffs' vehicles to be impounded and sold.  Does 6 through 9 include unknown Pepe's employees and agents who caused Plaintiffs' vehicles to be impounded and sold; who would not return the Plaintiffs' property, including Plaintiff Raya's medication.  Plaintiffs are informed and believe and thereon allege that defendant DOES are responsible in some manner for the damages and injuries hereinafter complained of.  Defendants Romano, Flores, Johnson and the individual DOES are collectively referred to as the "Individual Defendants."

19.    Pepe's, and Does 1-6, addressed below, are responsible under 42 U.S.C. §§ 1983 and 1985(3) because they conspired with RPD and acted under color of state law during all of their actions alleged herein relevant to the federal claims, acting in order to maximize profits and further RPD's impound scheme.  On information and belief Pepe's has a contract with RPD allowing Pepe's, if it so chooses, to exercise authority and police power it would not otherwise be able to wield, and to wield this authority to impound, retain, and sell Plaintiffs' vehicles as described herein.  Pepe's is also vicariously liable for the actions of its employees.

20.    Plaintiffs are informed and believe and based thereon allege that the acts complained of herein were done within the course and scope of employment by the various officials of the City and under the course and scope of employment by Pepe's, and under color of state law.  Plaintiffs are further informed and believe and thereon allege that wrongful acts and/or omissions by individual defendants were done intentionally or maliciously, or with reckless disregard for the rights of Plaintiffs.

## STATEMENT OF FACTS

21.     On the early afternoon of October 10, 2022, Plaintiffs Fernando Dominguez and Raymond Raya ("Plaintiffs"), two Hispanic men, were returning to their place of residence in Rialto, California, driving their white-colored Cadillac Escalades.

22.     Shortly before reaching their residence Plaintiffs noticed that Rialto Police Department officers were following them.

23.     Officers Romano and Flores stopped Plaintiffs at their residence.

24.     Officer A. Romano asked Plaintiff Raya words to the effect of "Weren't you the one I detained before?"  Plaintiffs do not remember ever having seen the Officer before. The officer turned to Plaintiff Dominguez and informed Plaintiff Dominguez that Romano would shoot him if he moved.

25.     Officer Romano arrested both Plaintiffs.  The Plaintiffs were handcuffed at their residence and briefly taken by a police vehicle to the Rialto Police Station before Plaintiffs were taken to West Valley Detention Center.  RPD officers seized Plaintiffs' drivers' licenses.  Plaintiff Raya was driving with a suspended license.  RPD would later state the basis for impounding his vehicle for 30 days was a violation of CVC § 14602.6, driving without a valid driver's license.

26.     At the time of their arrest, Plaintiffs' vehicles were stopped and parked at their residence.   The vehicles were not impeding the flow of traffic and posed no risk to the public.  Although Plaintiffs were arrested and taken to West Valley detention center, Defendants also seized Plaintiffs' vehicles from their residence, towed them, and caused them to be impounded at Pepe's.  Defendants never received any warrant for seizing these vehicles.  There was no legitimate basis for towing Plaintiffs' vehicles.

27.     By law an arrestee must be taken before a magistrate "without unnecessary delay" and in any event not more than 48 hours after his arrest.  Penal Code § 825(a)(1).  The Defendants did not take Plaintiffs to a magistrate within 48

hours.  They did not provide Plaintiffs the opportunity to be arraigned at all.  Instead, Defendants waited more than three days before releasing the Plaintiffs from jail on the evening of October 13, 2022, with no arraignment.

28.   On October 12, Plaintiff Dominguez's wife called Rialto Police department to obtain the vehicle.  An officer told her to speak with Pepe's.  She did so, and was informed at that time the costs to retrieve the vehicle were almost $1,000 dollars, not including the charge for Rialto Police Department to release the vehicle. Plaintiff Dominguez and his wife could not afford to pay this to recover their vehicle even if they had been permitted to.  However, the officer told them that they would not be permitted to recover their vehicle.

29.   On October 14, Plaintiffs went to the Rialto Police Station to file a complaint and inquire as to the location of their belongings that had not been returned, including Plaintiff Dominguez's computer, his tools, and his clothing, which were in his vehicle.  Officer Rocky Johnson told Plaintiffs to file a complaint at City Hall. Plaintiffs filed a complaint that day.

30.   The same day, Plaintiffs also asked for their licenses and property back. An RPD officer at the front desk said that to receive their drivers' licenses they would have to email the officer who arrested them, and gave Plaintiffs the email address CSanchez@RialtoPD.com, ostensibly so that Plaintiffs could do so.   Plaintiff Dominguez's wife emailed the address to recover the license and property. She received no response.  The RPD officer at the front desk stated that if Plaintiffs experienced any difficulty they could contact a phone number that they provided to Plaintiff.  Plaintiff called this number. It was not a functioning voice line.

31.   On October 14, Plaintiffs went to Pepe's towing at 2775 N. Locust Avenue.  Plaintiff Raya needed to obtain his heart medication, and asked that he be permitted to retrieve it.  Plaintiff Raya had not been given his medication throughout his detention.  Pepe's refused to allow him to obtain his medication because Plaintiff did not have the license which had been withheld from him. Plaintiff Raya showed

the Pepe's employee his registration, his insurance, a prior driver's license, a Social Security card and the documentation relating to his impound. Plaintiff's name is also on his medication bottle.   On information and belief, many individuals with medication or other necessary items in vehicles that have been impounded do not have licenses, or their licenses have been seized as part of the arrest and impound process. Later in the day Plaintiff Raya was hospitalized in the Emergency Room of San Bernadino Community hospital due to chest pains.

32.   On October 18th, Plaintiff Dominguez called Pepe's to inquire again about the cost to release Plaintiffs' cars from the lot. An RPD officer informed Plaintiff Dominguez that the fees had reached approximately $1,100, in addition to an approximately $200 fee to the Rialto Police department to release the vehicle. Plaintiff Raya understood the fee to obtain his vehicle to be similar.   The Plaintiffs could not afford to pay these fees.

33.   On October 19, Plaintiff Dominguez returned to the Rialto police station to schedule an impound hearing to release his vehicle, and to ask why he could not obtain his vehicle.   An RPD officer Plaintiffs understand to be Rocky Johnson told Plaintiff Dominguez that he could have no hearing because his vehicle was not on a 30-day hold.   RPD has stated, including in Plaintiff Raya's vehicle report, that the reason for impounding Plaintiff Raya's vehicle for 30-days was a failure to have a valid driver's license.

34.   Plaintiffs had never been arraigned on any charges relating to this incident.   Nor are Plaintiffs aware of any such charges having been filed against them. The County of San Bernadino District Attorney's office also wrote to Plaintiffs on November 10 to inform them that the DA would not file charges against them in this matter, and wrote a memorandum to the Rialto Police Department concerning the same.

35.   On November 11, Plaintiff Dominguez's wife and co-registered owner of his vehicle contacted RPD Lieutenant Scalf about the matter.   Lieutenant Scalf

acknowledged that if she brought a letter from the District Attorney declining to prosecute and stating all fees were waived, all fees would be waived and Plaintiff Dominguez's vehicle would be returned.

36.     On November 15, Plaintiffs went to the Rancho Cucamonga Court House to receive documentation from the District Attorney stating that the fees would be waived.  Plaintiffs did so, and received a letter from the District Attorney's office stating that "all fees" as well as "tow fees" are waived and that the DA's Office was pursuing no charges.

37.     On November 16, 2022, Plaintiffs returned to the Rialto Police Station with the letter from the Chief Deputy District Attorney.  An RPD Officer whom Plaintiffs understand to be Officer Johnson told Plaintiffs words to the effect of that he did not care what the DA's letter said, and that Plaintiffs would still pay RPD fees. Pepe's likewise refused to return the vehicles to Plaintiffs without paying these fees.

38.     On or around November 17, 2022, Plaintiffs went to the San Bernadino Superior Court for a hearing concerning motions they had recently filed to return their seized property. The judge asked what case this was in reference to but Plaintiffs could not provide this because there appeared to be no charges filed against him.

39.     On November 22, 2022, Plaintiff Dominguez and his wife returned to RPD to inquire again about Plaintiff's car.  That day, Officer Johnson provided a release form waiving RPD's fees; however by the next day, November 23, 2022, Plaintiffs' vehicles had been auctioned off by Pepe's.  That day, an unknown person who represented himself to be an RPD officer called Plaintiff Raya to tell him words to the effect of "I called to let you know that you weren't getting your car back."

40.     Pepe's did not return Plaintiffs' property, such as Plaintiff Dominguez's computer, his tools, or his clothing.

41.     Pepe's conspired and acted with the Rialto police department in impounding, retaining, and selling Plaintiffs' vehicles, to maximize Pepe's profits and further Rialto's impound scheme.  On information and belief Pepe's also has a

contract with RPD allowing Pepe's, if it so chooses, to exercise authority and police power it would not otherwise have.

42.   Defendants also took no steps to disassociate Plaintiffs' identifiers from their vehicles that RPD caused to be sold to others, or inform Plaintiffs of required steps to do so.   As a result, Plaintiff Dominguez has incurred several notices of delinquent violations from the Toll Roads beginning November 24, 2022, and with penalties of over a hundred dollars per violation.

43.   Pepe's towing continues to claim a debt against Plaintiff Dominguez of over $1,600, which is accruing interest, and which Plaintiff cannot afford to pay. Plaintiffs have never to their knowledge been charged with any crime in relation to this matter.

44.   Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), Defendant City of Rialto is liable for all injuries sustained by Plaintiffs as set forth herein.   Defendant City of Rialto bears liability because its policies, practices, and/or customs proximately caused Plaintiffs' injuries.   The conduct alleged resulted from the policies, customs, or practices of the Rialto Police Department, in particular its custom and de facto policy of permitting officers to engage in such conduct, and authorizing and ratifying the conduct.

45.   Plaintiffs are informed and believe and based thereon allege that RPD has a custom of and authorizes and ratifies officers' warrantless impounding the vehicles of persons not charged with any crime, without allowing such persons to obtain their vehicles, and causing such persons to be subjected to thousands of dollars of impound fees with tow companies such as Pepe's with whom Rialto contracts. Here, RPD investigated the incident concerning Plaintiffs' vehicles. The Chief of police stated for each Plaintiff that a "thorough" investigation established there was no wrongdoing by RPD officers here, thereby ratifying their conduct.   Nor on

1   information and belief, did the Chief or any other person at RPD cause these officers
2   to be retrained or disciplined in any way with respect to their actions here.

3       46.    RPD also failed to reasonably train its officers to avoid arrests such as
4   Plaintiffs', or that officers should not impound and hold vehicles that posed no threats
5   to the public on a statutory basis, such as C.V.C. § 14602.6. The Ninth Circuit has
6   held that a statute – including specifically C.V.C. § 14602.6 and an interest in
7   preventing unlicensed driving – cannot alone justify impounding and holding a
8   person's vehicle. RPD does not adequately train its officers of this.  In fact, RPD's
9   own policy manual stated in its provisions concerning valid continued holds of
10   vehicles through an impound that "this department's policy is to prevent unlicensed
11   driving pursuant to Vehicle Code § 14602.6."

12      47.    RPD failed to adequately train that a statute is not a sufficient basis under
13   the Fourth Amendment or community caretaking exception to impound vehicles,
14   despite cases establishing this.   Nor did RPD reasonably train its officers even on
15   when the Fourth Amendment or community caretaking exception did or did not justify
16   seizing and impounding a vehicle where a statute authorized it, in spite of the fact that
17   this was a recurring abuse among police officers which the courts have repeatedly
18   addressed.

19                          **FIRST CLAIM FOR RELIEF**
20   **VIOLATION OF THE FOURTH AMENDMENT AND CAL. CONST ART. I,**
21                                    **§ 13**
22                        **(AGAINST ALL DEFENDANTS)**

23      48.    Plaintiffs restate and incorporate by reference the foregoing paragraphs
24   as if each paragraph was fully set forth herein.

25      49.    Defendants knew or should have known that they lacked adequate cause
26   to arrest and jail Plaintiffs, and keep them detained for three days, and that they lacked
27   adequate cause to Plaintiffs' vehicles to be impounded and sold.  Any reasonable
28   officer would have known this.  Plaintiffs were not driving the vehicle reported to

have left the scene of a burglary. They had no stolen item.  There was no prosecutable offense, and the DA's office did not press any charges.  Plaintiffs were not even arraigned.

50.     Furthermore Defendants were required to take Plaintiffs promptly to a magistrate to be arraigned, an in any event to do so in less than 48 hours.  *See* Penal Code § 825(a)(1). Defendants did not do so.

51.     The Defendants lacked probable cause for the initial and continued warrantless seizures of Plaintiffs' person and their property, which were unreasonable.

52.     As a proximate result of Defendants' acts and omissions, Plaintiffs have been caused to suffer actual damages including but not limited to the loss of their vehicles and property therein and expenses related to these losses.

53.     As a further direct result of Defendants' acts and omissions, Plaintiffs have been caused to suffer fear, anxiety, torment and emotional distress.

54.     Defendants' acts and omissions were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights and welfare of Plaintiffs, thereby justifying the awarding of punitive and exemplary damages against the Individual Defendants and Pepe's in an amount to be determined at the time of trial.

55.     Defendant City is liable based on the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

**SECOND CLAIM FOR RELIEF**

**VIOLATION OF THE FOURTEENTH AMENDMENT – DUE PROCESS**

**(AGAISNT ALL DEFENDANTS)**

56.     Plaintiffs restate and incorporate by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

57.     Defendants lacked probable cause to keep Plaintiffs jailed.  Continuing to detain Plaintiffs where there was not cause for doing so, and when Plaintiffs were not even arraigned violated Plaintiffs' right to due process.

58.     Plaintiffs also had due process rights to be released or arraigned promptly in light of Penal Code § 825(a)(1).  Defendants' refusal to release Plaintiffs within the statutorily mandated time is further violative of due process.

59.     Plaintiffs' due process rights were also violated by Defendants causing their vehicles to be impounded, retained, and sold and depriving Plaintiffs of a reasonable ability to prevent these actions. Plaintiffs were never charged with a crime. They were not arraigned.  The DA would not prosecute them.  There was no probable cause for their seizures.  Even when Defendants obtained a letter from the DA stating they would not prosecute and that Plaintiffs' fees would be waived, Defendants still refused to waive these fees.

60.     As a proximate result of Defendants' acts and omissions, Plaintiffs have been caused to suffer actual damages, including, but not limited to the loss of their vehicles and property therein and expenses related to these losses.

61.     As a further direct result of Defendants' acts and omissions, Plaintiffs have been caused to suffer fear, anxiety, torment and emotional distress.

62.     Defendants' acts and omissions were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights and welfare of Plaintiffs, thereby justifying the awarding of punitive and exemplary damages against the Individual Defendants and Pepe's in an amount to be determined at the time of trial.

63.     Defendant City is liable based on the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

//

//

**THIRD CLAIM FOR RELIEF**

**VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENT –**
**EXCESSIVE FINES**

**(AGAINST ALL DEFENDANTS)**

64.     Plaintiffs restate and incorporate by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

65.     Plaintiffs committed no offense.  Nor were they ever charged, arraigned, or prosecuted for any.   Nevertheless, Plaintiffs were subjected to forfeiture of their vehicles and attendant charges, including thousands of dollars, the sale of Plaintiffs' vehicle, and an increasing debt which Pepe's is still attempting to collect from Plaintiff Dominguez.

66.     These acts were far out of proportion to any offense committed or reasonably believed to have been committed by Plaintiffs and an excessive fine.

67.     As a proximate result of Defendants' acts and omissions, Plaintiffs have been caused to suffer actual damages, including, but not limited to the loss of their vehicles and property therein and expenses related to these losses.

68.     As a further direct result of Defendants' acts and omissions, Plaintiffs have been caused to suffer fear, anxiety, torment and emotional distress.

69.     Defendants' acts and omissions were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights and welfare of Plaintiffs, thereby justifying the awarding of punitive and exemplary damages against the Individual Defendants and Pepe's in an amount to be determined at the time of trial.

70.     Defendant City is liable based on the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

//

//

**FOURTH CLAIM FOR RELIEF**

**VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENT –**

**UNCONSTITUTIONAL TAKING**

**(AGAINST ALL DEFENDANTS)**

71.     Plaintiffs restate and incorporate by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

72.     The seizures, holding and sale of Plaintiffs' vehicles constitute takings within the meaning of the Fifth Amendment.  The Defendants have caused such takings.  Moreover, Plaintiffs' vehicles were seized, held and sold for a public purpose, including to obtain the fee to which RPD claims entitlement and ostensibly for the public purpose determined by the legislature in CVC § 14602.6(a).

73.     As a proximate result of Defendants' acts and omissions, Plaintiffs have been caused to suffer actual damages, including, but not limited to the loss of their vehicles and property therein and expenses related to these losses.

74.     As a further direct result of Defendants' acts and omissions, Plaintiffs have been caused to suffer fear, anxiety, torment and emotional distress.

75.     Defendants' acts and omissions were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights and welfare of Plaintiffs, thereby justifying the awarding of punitive and exemplary damages against the Individual Defendants and Pepe's in an amount to be determined at the time of trial.

76.     Defendant City is liable based on the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

**FIFTH CLAIM FOR RELIEF**

**FALSE ARREST AND IMPRISONMENT**

**(AGAINST DEFENDANTS ROMANO, FLORES, DOES 1-5, and CITY)**

77.     Plaintiffs restate and incorporate by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

78.     Defendants knew or should have known that they lacked adequate cause to arrest and jail Plaintiffs and keep them detained for three days, and that Defendants lacked adequate cause to Plaintiffs' vehicles to be impounded and sold.   Any reasonable officer would have known this.   Plaintiffs were not driving the vehicle reported to have left the scene of a burglary. Plaintiffs had no stolen item.   There was no prosecutable offense, and the DA's office did not press any charges.   Plaintiffs were not even arraigned.   Defendants were required to release Plaintiffs within 48 hours, and did not do so. *See* Penal Code § 825(a)(1).

79.     The Defendants lacked probable cause for the arrest and imprisonment of Plaintiffs.

80.     As a proximate result of Defendants' acts and omissions, Plaintiffs have been caused to suffer actual damages, including, but not limited to the loss of their vehicles and property therein and expenses related to these losses.

81.     As a further direct result of Defendants' acts and omissions, Plaintiffs have been caused to suffer fear, anxiety, torment and emotional distress.

82.     Defendants' acts and omissions were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights and welfare of Plaintiffs, thereby justifying the awarding of punitive and exemplary damages against the Individual Defendants in an amount to be determined at the time of trial.

**SIXTH CLAIM FOR RELIEF**

**NEGLIGENCE**

**(AGAINST ALL DEFENDANTS)**

83.     Plaintiffs restate and incorporate by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

84.     Defendants knew or should have known there was no reasonable basis to arrest Plaintiffs and that there was not probable cause to do so. Despite this,

Defendants City and Does 1-5 caused Plaintiffs to be arrested and jailed for three days.

85.    Likewise, Defendants knew or should have known that if Plaintiffs were to be held they were to be taken to a magistrate and arraigned promptly – and not later than within 48 hours – including because this is statutorily required under Penal Code § 825(a)(1).  In spite of this duty Defendants City and Does 1-5 caused Plaintiffs to be arrested and jailed for three days.

86.    Defendants knew or should have known that they had no basis to cause Plaintiffs' vehicles to be impounded and sold, and had no basis to withhold a hearing and investigation about the matter. In spite of this, Defendants caused Plaintiffs' vehicles to be impounded, for Plaintiffs to accrue thousands of dollars in fees, for their vehicles to be sold off and for Plaintiffs to be deprived of the property within their vehicle.

87.    Defendant Pepe's and Does 6 through 9 also had a duty not to cause injury and distress by unreasonably withholding medication.

88.    As a proximate result of Defendants' acts and omissions, Plaintiffs have been caused to suffer actual damages, including, but not limited to the loss of their vehicles and property therein and expenses related to these losses.

89.    As a further direct result of Defendants' acts and omissions, Plaintiffs have been caused to suffer fear, anxiety, torment and emotional distress.

90.    Defendants acted with oppression, fraud or malice.  Moreover, they were aware of the probable harmful consequences of their conduct, and willfully and deliberately failed to avoid those consequences. This justifies the awarding of punitive and exemplary damages against the individual Defendants and Pepe's in an amount to be determined at the time of trial.

//

//

//

16

**SEVENTH CLAIM FOR RELIEF**

**VIOLATION OF CIVIL CODE § 52.1**

**(AGAINST INDIVIDUAL DEFENDANTS AND PEPE'S)**

91.  Plaintiffs restate and incorporate by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

92.  The individual Defendants knew that there was no probable cause to arrest Plaintiffs, and yet they knowingly used force and unlawful coercion against Plaintiffs, handcuffing arresting them, removing them from their residence and causing them to be jailed for three days.

93.  Likewise, Defendants knew that they had no basis to cause Plaintiffs' vehicles to be impounded and sold, nor to refuse to authorize Plaintiffs to recover their vehicles, and no basis to withhold further investigation or hearing about the matter. In spite of this Defendants coerced Plaintiffs significantly by causing their vehicles to be impounded, for Plaintiffs to accrue thousands of dollars in fees, and for their vehicles to be sold off.

94.  Defendants Does 6 through 9 knew unreasonably refusing Plaintiff Raya his heart medication could cause him serious consequences, and refused it nonetheless, causing him to be hospitalized.

95.  The Defendants intended such coercive actions and to cause Plaintiffs to be deprived of their rights, and acted with a reckless disregard for Plaintiffs' constitutional and statutory rights, and did deprive Plaintiffs of these rights.

96.  As a proximate result of Defendants' acts and omissions, Plaintiffs have been caused to suffer actual damages, including, but not limited to the loss of their vehicles and property therein and expenses related to these losses.

97.  As a further direct result of Defendants' acts and omissions, Plaintiffs have been caused to suffer fear, anxiety, torment and emotional distress.

98.  Defendants acted with oppression, fraud or malice.  Moreover, they were aware of the probable harmful consequences of their conduct, and willfully and

1 deliberately failed to avoid those consequences. This justifies the awarding of punitive
2 and exemplary damages against the individual Defendants and Pepe's in an amount
3 to be determined at the time of trial.

**EIGHTH CLAIM FOR RELIEF**

**NEGLIGENT HIRING, RETENTION AND SUPERVISION**

**(AGAINST DEFENDANT CITY AND PEPE'S)**

7      99.    Plaintiffs restate and incorporate by reference the foregoing paragraphs
8 as if each paragraph was fully set forth herein.

9      100.  RPD officials and other employees involved in the supervision of the
10 individual named and Doe Officer Defendants, acting within the scope of their
11 employment, failed to use reasonable care in supervising the actions of the Officer
12 Defendants and continuing to retain them.  In particular RPD officials and other
13 employees knew or should have known that allowing officers to engage in baseless
14 impounds and arrests and detentions in violation of Penal Code § 825(a)(1), and
15 ratifying such conduct would lead to such arrests and impounds.  Defendant City
16 failed to use reasonable care in supervising the actions of its officers and these
17 Individual Defendants and sanctions such conduct as evidenced by, *inter alia*, the fact
18 that the City sanctioned the conduct and found no wrongdoing by the RPD officers
19 here after a thorough investigation.

20      101.  Pepe's supervisors and other employees involved in the supervision of
21 Does 6 through 9, acting within the scope of their employment, failed to use
22 reasonable care in supervising the actions of Does 6 through 9 and in continuing to
23 retain them.  On information and belief, Pepe's supervisors allow employees to
24 withhold obviously important items such as medication from persons merely because
25 they do not have access to a driver's license – even if the person is clearly who they
26 claim to be.

27

28

102.   As a proximate result of Defendants' acts and omissions, Plaintiffs have been caused to suffer actual damages, including, but not limited to the loss of their vehicles and property therein and expenses related to these losses.

103.   As a further direct result of Defendants' acts and omissions, Plaintiffs have been caused to suffer fear, anxiety, torment and emotional distress.

104.   Defendants acted with oppression, fraud or malice.  Moreover, they were aware of the probable harmful consequences of their conduct, and willfully and deliberately failed to avoid those consequences. This justifies the awarding of punitive and exemplary damages against Pepe's in an amount to be determined at the time of trial.

## NINTH CLAIM FOR RELIEF

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## (AGAINST DEFENDANT PEPES AND DOES 6 THROUGH 9)

105.   Plaintiffs restate and incorporate by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

106.   Defendants refused to return Plaintiffs' property, including Plaintiff Raya's heart medication, which Defendants had no right to retain.

107.   Defendants intended to cause Plaintiffs emotional distress or acted with reckless disregard of the probability that Plaintiffs would suffer emotional distress, including that Plaintiff Raya would suffer emotional distress when he was deprived of his heart medication.

108.   Plaintiff Raya suffered severe emotional distress and feared for his health and that he would have a heart attack or stroke.  He was hospitalized for his pain and distress.

109.   Defendants' conduct was a substantial factor in causing Plaintiffs' emotional distress.  As a direct result of Defendants' acts and omissions, Plaintiffs have been caused to suffer fear, anxiety, torment and emotional distress.

110.   As a proximate result of Defendants' acts and omissions, Plaintiffs have been caused to suffer actual damages, including, but not limited to the loss of their vehicles and property therein and expenses related to these losses.

111.   Defendants acted with oppression, fraud or malice.  This justifies the awarding of punitive and exemplary damages against Defendants.

### TENTH CLAIM FOR RELIEF
### VIOLATION OF THE UNRUH ACT
### (AGAINST DEFENDANT PEPES AND DOES 6 THROUGH 9 BY PLAINTIFF RAYA)

112.   Plaintiff Raya restates and incorporates by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

113.   California Civil Code California Civil Code § 51(b) provides the following: "[A]ll persons within the jurisdiction of this state are free and equal, and no matter what their disability [or] medical condition… are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

114.   The Unruh Act also states that "A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 . . . shall also constitute a violation of this section."  Civ. Code § 51(f).

115.   Plaintiff Raya is a person with a known disability and medical condition within the meaning of § 51(b) and Americans with Disabilities Act. He has medical conditions pertaining his blood flow.  If he is unmedicated he experiences loss of vision and visual disturbances which interfere with his basic functioning.

116.   Defendants violated the Unruh Act through their refusal to allow Plaintiff Raya access to his necessary heart medication and to provide reasonable accommodations so that he may obtain his needed medication.

117.   As a proximate result of Defendants' acts and omissions, Plaintiff suffered actual damages.

118.   As a further direct result of Defendants' acts and omissions, Plaintiff suffered fear, anxiety, torment and emotional distress.

119.   Defendants acted with oppression, fraud or malice.  Moreover they were aware of the probable harmful consequences of their conduct, and willfully and deliberately failed to avoid those consequences. This justifies the awarding of punitive and exemplary damages against the individual Defendants and Pepe's in an amount to be determined at the time of trial.

**ELEVENTH CLAIM FOR RELIEF**

**CONVERSION**

**(AGAINST ALL DEFENDANTS)**

120.   Plaintiffs restate and incorporate by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

121.   Plaintiffs owned and had a right to possess their vehicles and the items in them, and a right to the return of their property.

122.   Defendants substantially interfered with Plaintiffs' property by knowingly and intentionally taking and interfering with Plaintiffs' possession of their property.  Plaintiffs did not consent to this.

123.   As a proximate result of Defendants' acts and omissions, Plaintiffs have been caused to suffer actual damages, including, but not limited to the loss of their vehicles and property therein and expenses related to these losses.

124.   As a further direct result of Defendants' acts and omissions, Plaintiffs have been caused to suffer fear, anxiety, torment and emotional distress.

125.   Defendants acted with oppression, fraud or malice. This justifies the awarding of punitive and exemplary damages against the individual Defendants and Pepe's in an amount to be determined at the time of trial.

//

//

1

**PRAYER FOR RELIEF**

2

    **WHEREFORE**, Plaintiffs respectfully request relief as follows:

3

    1.    The award of general and compensatory damages against all Defendants,

4

jointly and severally, in an amount according to proof at trial;

5

    2.    The award of punitive and exemplary damages against all Defendants

6

sued in their individual capacities in an amount to be proven at trial;

7

    3.    The award of any and all other damages allowed by law according to

8

proof to be determined at the time of trial in this matter;

9

    4.    Damages and treble damages or a statutory minimum award as set forth

10

in Civ. Code. § 52(a);

11

    5.    Exemplary damages and the civil penalty set forth in Civil Code §

12

52(b)(2) for each denial of a right set forth in Cal. Civ. Code § 51.7.

13

    6.    Costs and attorneys' fees pursuant to 42 U.S.C. § 1988, Cal. Civ. Code.

14

§§ 52(a) and 52.1(i), Cal. Code Civ. Proc. § 1021.5, any other appropriate basis for

15

recovering costs and attorneys' fees, and for all fees and costs permitted by law.

16

17

 Dated:  September 1, 2023                **SCHONBRUN SEPLOW HARRIS**

18

                                             **HOFFMAN& ZELDES, LLP**

19

                             By:  /s/ John Washington

20

                                   Paul Hoffman

21

                                   John C. Washington

22

                                   *Attorneys for Plaintiffs,*
                                   *Fernando Dominguez and Raymond*

23

                                   *Raya.*

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands that a trial by jury be conducted with respect to all issues presented herein.

Dated:  September 1, 2023

**SCHONBRUN SEPLOW HARRIS HOFFMAN& ZELDES, LLP**

By:  /s/ John Washington

Paul Hoffman
John C. Washington
*Attorneys for Plaintiffs,*
*Fernando Dominguez and Raymond*
*Raya.*